UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUNDREA LYNN NATINS,<br>　　　　Petitioner,<br>　　v.<br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | Case No. 18-cv-07480-VC   (PR)<br>**ORDER OF DISMISSAL WITH PREJUDICE** |

　　　　Aundrea Lynn Natins, a federal prisoner at the United States Federal Correctional Facility in Dublin, California, has filed a pro se petition for a writ of habeas corpus under U.S.C. § 2241. Natins seeks judicial review of the execution of her sentence by the Bureau of Prisons which failed to give her credit for the approximately 12 months she served on pretrial conditional release.

　　　　Natins states that, during her house arrest, she could be away from her residence from 6 am to 9 pm and, with prior approval of her pretrial officer, she could take limited excursions outside her home. Petition at 7; ECF No. 4 at 7. However, she had to: (1) wear an ankle monitor; (2) submit to random urinalysis; (3) have periodic phone contact and home visits with her probation officer; (5) submit periodic reports to her probation officer; and (6) have intensive outpatient treatment. *Id.* Also, during her time of house arrest, the United States Marshal had discretion to return her to a more secure environment and she could be prosecuted for any unauthorized absence from her residence. *Id.*

　　　　Natins argues 18 U.S.C. § 3585(b) and *United States v. Chalker*, 915 F.2d 1254 (9th Cir. 1990) authorize this Court to order the Bureau of Prisons to grant her credit for the 12 months of her pretrial conditional release. Section 3585(b) provides:

　　　　　　A defendant shall be given credit toward the service of a term of

imprisonment for any time he has spent in official detention prior to the date the sentence commences —

(1) as a result of the offense for which the sentence was imposed.

*Chalker* held that section 3585(b) granted authority to both the district court and the Attorney General to grant credit for time served. *Chalker*, 915 F.2d at 1058. However, the United States Supreme Court overruled *Chalker*, holding the Attorney General, not the district court, grants the credit a prisoner receives for time served. *United States v. Wilson*, 503 U.S. 329, 333 (1992); *see also United States v. Copsey*, 1993 WL 171481, *2 n.1 (9th Cir. May 21, 1993) (unpublished) (acknowledging *Chalker* was overruled by *Wilson*).

Furthermore, in *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925-26 (9th Cir. 1993), the Ninth Circuit held that a federal prisoner who was on house arrest before she was sentenced could not receive credit for that time because the conditions of her house arrest did not constitute "official detention" pursuant to § 3585(b). The Ninth Circuit noted every circuit that addressed the issue of whether home confinement combined with electronic monitoring constitutes "official detention" under § 3585(b) has held it does not. *Id.* at 926 n.1.

Therefore, this petition is dismissed. Dismissal is with prejudice because amendment would be futile. The Clerk shall terminate all pending motions, issue a separate judgment and close the case.

**IT IS SO ORDERED.**

Dated: February 4, 2019

_____
VINCE CHHABRIA
United States District Judge

2